AO 91 (Rev. 11/11)   Criminal Complaint                                                                   United States Courts
                                                                                                          Southern District of Texas
                                                                                                          FILED

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

January 28, 2025

Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Marcelino Flores-Betancourt, aka Marcelino Flores, Marcelo Betancourt Flores, Marcelo Flores Betancourt, Marcelo Flores and Elacar Flores Betancourt. | ) ) ) ) ) ) | Case No. 4:25-mj-0038 |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 01, 2023 in the county of Montgomery in the Southern District of Texas, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | Illegal re-entry into the United States after having previously been deported to Mexico, subsequent to having been convicted of a crime defined as an aggravated felony, without first applying for and obtaining permission from the Attorney General of the United States, or the Secretary for the Department of Homeland Security, for admission to the United States following deportation from the United States, in violation of Title 8, United States Code, Section(s) 1326(a) and (b). |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☐ Continued on the attached sheet.

*Complainant's signature*

Terry Matthias, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date: 01/28/2025

*Judge's signature*

City and state: Houston, Texas

Peter Bray, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Terry Matthias, being duly sworn by telephone, hereby depose and say:

(1)   I am a Deportation Officer with the United States Immigration and Customs Enforcement ("ICE") and have served in that capacity since June 24, 2007. Prior to this assignment, I have held the following positions: Customs and Border Protection Officer and Immigration Enforcement Agent. My law enforcement career began July 2006, as a Customs and Border Protection Officer. I have over 18 years of immigration law enforcement experience.

(2)   On January 27, 2025, at approximately 1758 hrs., Flores-Betancourt, Marcelino was detained by ICE. The defendant also goes by the alias of Marcelino Flores, Marcelo Betancourt Flores, Marcelo Flores Betancourt, Marcelo Flores and Elacar Flores Betancourt.

(3)   The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously convicted and deported.

(4)   Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(5)   <u>Element One</u>:  The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(6)   <u>Element Two</u>:  The Defendant has previously been deported or removed from the United States on the following occasion(s):
- a. July 16, 2021.
- b. June 11, 2014.
- c. September 11, 2009.
- d. February 14, 2003.
- e. July 26, 2007.
- f. August 15, 2003.

(7) <u>Element Three</u>: After deportation, the Defendant was subsequently found in the United States on September 01, 2023, in Montgomery County, Texas, which is within the Houston Division Southern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years and after the Defendant's last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph. On January 28, 2025, LESC advised me that it had no record of such an encounter.

(8) <u>Element Four</u>: The Defendant did not have permission to reenter the United States. On January 27, 2025, I reviewed the contents of the Alien File associated with this Defendant and/or available database information. I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States. I have requested certification of this fact from the Records Branch of the Immigration Service.

(9) <u>Prior Criminal History / Gang Affiliation</u>. The Defendant has the following prior criminal history and/or gang affiliation:

   a. On January 10, 2024, the Defendant, using the name of Marcelino Flores was convicted in the County Criminal Court at Law #12, Harris County, Texas for the offense of FAIL TO ID TO P.O. FALSE INF and was sentenced to 6 days HCJ / CREDIT 2 DAYS confinement. Case No. 247375201010.

   b. On January 04, 2013, the Defendant, using the name of Marcelino Flores-Betancourt was convicted in the United States District Court, Southern District of Texas, Holding Session in Houston for the offense of ILLEGAL RE-ENTRY BY A PREVIOUSLY DEPORTED ALIEN AFTER A FELONY CONVICTION and was sentenced to 24 months confinement. Case No. 4:12CR00562-001.

   c. On April 28, 2011, the Defendant, using the name of Marcelino Flores-Betancourt was convicted in 209th District Court, Harris County, Texas for the offense of AGGRAVATED ASSAULT WITH A DEADLY WEAPON and was sentenced to 2 years confinement. Case No. 1275203.

   d. On July 13, 2009, the Defendant, using the name of Marcelo Betancourt Flores was convicted in 185th District Court, Harris County, Texas for the offense of DEADLY CONDUCT and was sentenced to 6 months confinement. Case No. 1220257.

e. On June 27, 2007, the Defendant, using the name of Marcelo Betancourt Flores was convicted in the District Court County Criminal Court at Law #13 of Harris County, Texas for the offense of DWI 2ND and was sentenced to 30 days HCJ / CREDIT 4 DAYS confinement. Cause No. 1462908.

f. On August 27, 2003, the Defendant, using the name of Marcelino Flores-Betancourt was convicted in the United States District Court, Southern District of Texas, Holding Session in McAllen for the offense of UNLAWFULLY PRESENT IN THE U.S. AFTER BEING PREVIOUSLY EXCLUDED, DEPORTED AND REMOVED and was sentenced to 116 days confinement. Case No. 7:03-cr-00424-1.

g. On December 26, 2002, the Defendant, using the name of Marcelo Flores Betancourt was convicted in the District Court County Criminal Court at Law #10 of Harris County, Texas for the offense of BURGLARY OF A MOTOR VEHICLE and was sentenced to 90 days HCJ / CREDIT 7 DAYS confinement. Cause No. 1149902.

h. On December 26, 2002, the Defendant, using the name of Marcelo Flores Betancourt was convicted in the District Court County Criminal Court at Law #10 of Harris County, Texas for the offense of CARRYING A WEAPON and was sentenced to 90 days HCJ / CREDIT 7 DAYS confinement. Cause No. 1149901.

i. On July 29, 2002, the Defendant, using the name of Marcelo Flores was convicted in the District Court County Criminal Court at Law #13 of Harris County, Texas for the offense of DWI and was sentenced to 10 days HCJ / CREDIT 4 DAYS confinement. Cause No. 1127303.

j. On April 04, 2002, the Defendant, using the name of Elacar Flores Betancourt was convicted in the District Court County Criminal Court at Law #03 of Harris County, Texas for the offense of BURGLARY OF MOTOR VEHICLE and was sentenced to 14 days / CREDIT 14 DAYS confinement. Cause No. 1107252.

(10) On January 28, 2025, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint. On or about that day, Assistant U.S. Attorney Charmaine Holder 713-819-6407 accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a) and (b).

_____
Terry Matthias, Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me this 28th day of January 2025, and I find probable cause.

_____
Hon. Peter Bray
United States Magistrate Judge
Southern District of Texas